# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| RICHARD CORBIN & | : | NOS. 10-352-02 & 10-352-03 |
| JOHNNIE CORLEY, | : | |
| Defendants. | : | |

## MEMORANDUM REGARDING UNITED STATES'S MOTIONS IN LIMINE

**Baylson, J.**                                                                                                             May 26, 2011

## I. Introduction

The United States filed a Motion In Limine and a Supplemental Motion In Limine to Introduce Evidence of Other Acts Pursuant to Federal Rule Evidence 404(b), as well as a Memorandum Regarding Evidence of Uncharged Overt Acts. (Mot. in Limine, ECF No. 100; Suppl. Mot. in Limine, ECF No. 128; Memo., ECF No. 155.) Defendants Richard Corbin ("Corbin") and Johnnie Corley ("Corley") oppose the Motions. (Corbin Resp., ECF No. 150; Corley Resp., ECF No. 129.) On May 24, 2011, the Court entered an order granting in part and denying in part the United States's Motions. (Order, ECF No. 159.) This Memorandum will state the reasons.

## II. Background

A grand jury indicted Corbin and Corley, along with several others, for multiple counts of various offenses, including interference with interstate commerce by robbery, conspiracy to commit interference with interstate commerce by robbery, carrying a firearm during a crime of violence, possession with intent to distribute Schedule II substances, and conspiracy to possess

with intent to distribute Schedule II substances. (Second Superseding Indictment, ECF No. 85.) Several of their co-defendants have pled guilty and are now cooperating with the United States.

The United States seeks to introduce the following evidence as either intrinsic evidence or evidence of "other acts" under Rule 404(b): (1) Defendants' prior gunpoint robberies of drug dealers; (2) Defendants' gunpoint robbery of a Metro PCS store on June 11, 2009 and Corbin's armed robbery of Jackson's Convenience Store on July 7, 2009; (3) Corbin's physical and emotional abuse of witness and former romantic interest Sharon Stevenson ("Stevenson"); (4) Corbin's prior armed robbery of the LaCon Pharmacy in October 2007; (5) Corbin's armed bank robberies in March and December 1993, which resulted in convictions for robbery and carrying a firearm during a crime of violence; (6) Corley's June 16, 2003 gunpoint robbery of a federal credit union; (7) Corley's imprisonment from September 17, 2003 until May 15, 2009; and (8) Defendants' threats to witnesses. (Mot. in Limine at 6-7; Suppl. Mot. in Limine at 2-3; Memo. at 5-8.) The United States plans to introduce this evidence through the testimony of several cooperating witnesses in the form of Defendants' admissions, Defendants' direct threats to some of the witnesses, and the witnesses' first-hand experiences. The Court will address each category in turn.

The Court held hearings on the Motions on April 14, 2011 and May 24, 2011. At the hearings, the Court did not receive evidence but heard the parties' arguments.

### III.   Legal Standards

The Third Circuit most recently addressed the standards for admission of evidence of "other acts" in United States v. Green. 617 F.3d 233 (3d Cir. 2010). Acknowledging that evidence is either intrinsic, and not subject to Rule 404(b), or extrinsic, the Court clarified when

evidence is "intrinsic." Id. at 245. Evidence is intrinsic (1) if it directly proves the charged offense or (2) "uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." Id. at 248-49. The Court rejected the "inextricably intertwined" test as confusing, unnecessary, and over-inclusive. Id. at 246-48.

All remaining evidence of "other acts" is subject to Rule 404(b), which simply burdens the proponent to provide notice and requires the Court to issue a limiting instruction upon request. Id. at 249. Nevertheless, "[t]o be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." Id. (citing United States v. Butch, 256 F.3d 171, 175 (3d Cir. 2001)). The evidence must fit into a chain of logical inferences, no link of which may be the inference that Defendants have the propensity to commit the crimes charged. Id. at 250; see also United States v. Williams, 458 F.3d 312, 319 (3d Cir. 2006) (asserting "a proponent's incantation of the proper uses . . . does not magically transform inadmissible evidence into admissible evidence") (quotations omitted).

In essence, Rule 404(b) is a rule of inclusion, so long as the evidence is not introduced solely to prove the defendant's character but is probative of any other material issue. Green, 617 F.3d at 244, 250 (citing Huddleston v. United States, 485 U.S. 681, 686 (1988)). Rule 404 only prohibits use for propensity – no other use is prohibited. See id. at 244.

As noted, this evidence remains subject to the balancing of Rule 403, which precludes admission of evidence if "its probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury." See id. at 249 n.15; Fed. R. Evid. 403. "Evidence is unfairly prejudicial only if it has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. It is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980) (quotations and citations omitted).

## IV. Analysis

### A. Prior Robberies of Drug Dealers

The United States wants to introduce evidence that Corley and Corbin worked together to rob drug dealers at gunpoint before they switched their targets to the pharmacies at issue in this case. The United States argues this evidence will be introduced to show the conspiracy and relationship between Defendants, to provide a coherent narrative and background for the jury, and to show opportunity. (Mot. in Limine at 10-15.) Corley and Corbin contend that the prior robberies of drug dealers are unrelated to the alleged pharmacy robberies, such that they only go to character, and introduction of this evidence would be unfairly prejudicial and confusing. (Corley Resp. at 4-5; Corbin Resp. at 3-4.)

The Court will admit evidence of these robberies for the purposes advanced by the United States. Applying the Green framework, Defendants' prior gunpoint robberies of drug dealers are admissible to show their relationship with each other and to establish the background of the conspiracy, to provide background information to the jury, and to show Defendants' opportunity to conspire together. In United States v. Traitz, the Third Circuit recognized proper,

unenumerated purposes for evidence of "other acts" in the conspiracy context include showing a shared tradition of violence and a symbiotic relationship, which reveal the background of the charges, the parties' familiarity with one another, and their concert of action. 871 F.2d 368, 389 (3d Cir. 1989). Based on those non-propensity purposes, the court affirmed the district court's admission of twenty-four tape recordings regarding uncharged acts of violence the defendants committed. Id. In this case, the United States intends to offer the testimony of cooperating witnesses to establish that Corbin and Corley previously conspired together to rob drug dealers at gunpoint. Such evidence in this conspiracy case serves the purposes approved in Traitz – it shows Defendants' shared tradition of violence, their symbiotic relationship, their familiarity with one another, and their concert of action in prior robberies. See United States v. O'Leary, 739 F.2d 135, 136 (3d Cir. 1984) (acknowledging propriety of introducing prior bad acts to show background and parties' familiarity with one another).

In addition, as Traitz noted, such evidence also reveals the background of the pending charges. Traitz, 871 F.2d at 389; see Green, 617 F.3d at 247, 249 (noting one well-recognized purpose under Rule 404(b) is supplying helpful background information to the finder of fact to complete the story). In particular, it reveals Defendants' relationship with one another and helps the jury understand how they came to allegedly rob pharmacies together. Finally, the fact that Defendants previously conspired together to rob drug dealers at gunpoint shows the opportunity to conspire together to rob pharmacies at gunpoint. See United States v. Vega, 285 F.3d 256, 262-63 (3d Cir. 2002) (suggesting evidence of participation in prior drug conspiracy shows opportunity to participate in similar subsequent conspiracy).

Defendants contend that the drug dealer robberies are distinct from the pharmacy

robberies, but the Court disagrees. In each circumstance, Defendants allegedly used firearms to steal drugs and money. The alleged crimes are sufficiently similar – the Defendants used the same method to achieve the same goals, albeit against different targets. Cf. United States v. Givan, 320 F.3d 452, 462 (3d Cir. 2003) (concluding that dealing in one drug in earlier conspiracy not mutually exclusive endeavor from dealing a different drug in charged conspiracy). From whom Defendants stole the drugs and money is immaterial for purposes of Rule 404(b). Corbin also contends that these robberies are too remote in time, suggesting they occurred before Corley's imprisonment on September 17, 2003. (Corbin Resp. at 3.) An approximately six-year gap in time between the prior bad acts and the charged offenses does not render the prior drug dealer robberies too remote in time, especially considering the probative value of the evidence as to the Defendants' relationship.

Having concluded evidence of the drug dealer robberies serves a proper purpose, the Court must determine whether the evidence is relevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. The Court has little difficulty concluding the prior robberies of drug dealers are relevant in this case. The robberies tend to show that the Defendants conspired together on a prior occasion, which may make it more likely they would return to each other for the charged pharmacy robberies.

Finally, the Court must perform the Rule 403 balancing. This evidence is highly probative of the Defendants' relationship and history together. It is not unfairly prejudicial and its probative value is not outweighed by any prejudice. There is also no concern of confusing the issues or misleading the jury, particularly because the Court will issue an appropriate limiting

instruction regarding the manner in which the jury may use this evidence.  See Greer v. Miller, 483 U.S. 756, 766 n.8 (1987) (presuming jury follows instructions).

B.     **Metro PCS and Jackson's Convenience Store Robberies**

The United States argues evidence of these robberies is intrinsic evidence of the charged conspiracy and is otherwise admissible under Rule 404(b) to show motive, intent, common plan and preparation, knowledge, and identity. (Memo. at 5-8.)  Defendants conceded at the May 24 hearing that these robberies are intrinsic evidence of the charged conspiracy.  The Court agrees and will admit evidence of the June 11, 2009 Metro PCS robbery against both Defendants and evidence of the July 7, 2009 robbery of Jackson's Convenience Store against Corbin as uncharged overt acts of the charged conspiracy.  See United States v. Cross, 308 F.3d 308, 320 (3d Cir. 2002) (holding acts are intrinsic if they directly prove the charged conspiracy); see also United States v. Schurr, 794 F.2d 903, 907 n.4 (3d Cir. 1986) (stating the United States can use evidence of uncharged overt acts to prove the charged conspiracy).

At the May 24 hearing, Corley expressed concern with the timing of the United States's Memorandum seeking admission of evidence of these robberies.  As the Court stated on the record, the United States's filing after the deadline for pre-trial motions is reasonable because the United States only recently learned of the evidence from a cooperating witness.  Defendants raise no Rule 403 concerns.

C.     **Corbin's Alleged Abuse of Sharon Stevenson**

The United States intends to introduce evidence that Corbin physically and emotionally abused Sharon Stevenson on multiple occasions throughout their relationship together.  The United States contends this evidence is proper because it supports Stevenson's credibility and

shows her motive for testifying. (Mot. in Limine at 17-20.) Corbin opposes the admission of this evidence on the grounds that it is being introduced only to show his propensity for violence and is unfairly prejudicial because it evokes an emotional response from the jury. (Corbin Resp. at 4-5.) The Court agrees the evidence is admissible for the jury to learn about Stevenson's relationship with Corbin and to help the jury determine her credibility. With regard to motive, this evidence is only admissible to show motive if Corbin questions Stevenson's motive for testifying.

Unlike a witness's motive for testifying, credibility is always relevant because credibility is always at issue, particularly when the witness is testifying for the government. See Green, 617 F.3d at 251. In this case, the United States contends that Stevenson sold drugs on Corbin's behalf but was not charged for these transactions. Thus, the United States argues, it is important for the jury to hear evidence of her abuse to understand why she engaged in the sales but is not being charged.

Corbin points to a Seventh Circuit case, United States v. Lightfoot, which also admitted evidence of a history of abuse. 224 F.3d 586, 588 (7th Cir. 2000). He argues Lightfoot is distinguishable because the defense argued the female witness was the actual drug dealer and the defendant an innocent pawn. Id. at 587. The district court admitted the evidence of abuse, and the Seventh Circuit affirmed, because the abuse countered Lightfoot's defense. Id. at 587-88. Moreover, the evidence was not unfairly prejudicial because it was important for the jury to have some way to assess Lightfoot's defense. Id. at 588.

Another Seventh Circuit case addressed the issue, albeit with much less graphic and extensive physical abuse, in United States v. Holly, 167 F.3d 393 (7th Cir. 1999). In Holly, the

court affirmed admission of evidence that the defendant physically abused a witness – including throwing a book and hitting her with a telephone – to preempt the defendant's attempt to impeach her testimony with prior inconsistent statements. Id. at 394-95. Both Lightfoot and Holly demonstrate a defendant's prior abuse of a witness is admissible for non-propensity purposes, regardless of the extent of the abuse, so long as it is not unfairly prejudicial.

As the Third Circuit recognized in Green, credibility is always at issue, especially when a witness is testifying on behalf of the government. Thus, the United States is entitled to introduce evidence to support Stevenson's credibility. Although much of the proposed testimony may evoke an emotional response from the jury, the danger of this response does not substantially outweigh the probative value of the evidence to establish Stevenson's credibility. It is important for the jury to hear this evidence to understand Stevenson's and Corbin's relationship, her privity to the information that will be the basis of her testimony, and why she should be considered a credible witness. For these reasons, the Court concludes evidence of Corbin's physical and emotional abuse of Stevenson is offered for a non-propensity purpose, is relevant, and satisfies Rule 403's balancing test.[1] The Court will provide an appropriate limiting instruction to the jury at the time of trial.

The United States also relies on Green to argue Stevenson's motive for testifying is a

---

[1] The United States also argues the evidence of abuse is intrinsic to the crimes charged against Corbin, specifically possession with intent to distribute. The United States contends Corbin's physical abuse of Stevenson facilitated his possession with intent and proves he possessed the drugs with intent because he forced Stevenson to sell the drugs on his behalf. See Green, 617 F.3d at 248-49 (establishing two forms of intrinsic evidence not subject to Rule 404(b)). The evidence the United States seeks to introduce is physical and emotional abuse, but it is unclear whether it was performed contemporaneously with the charged crimes, i.e. it facilitated the commission, and it clearly does not directly prove the charged offenses. See id. Accordingly, the Court considers this evidence extrinsic and relies on its Rule 404(b) analysis.

proper purpose under Rule 404(b). Although Green recognizes a witness's motive for testifying is a proper non-propensity purpose, it was proper in that case because the defense had put motive in issue. See Green, 617 F.3d at 250. Until the Court determines at trial that Corbin questions Stevenson's motive for testifying, the evidence will be admissible only to inform the jury regarding her credibility.

> D.   Corbin's 2007 Robbery of LaCon Pharmacy

The United States seeks to introduce evidence of Corbin's October 2007 robbery of the LaCon Pharmacy to show a common plan, knowledge, intent, and identity related to the charged March 2009 robbery of the same pharmacy, as well as to provide background information. (Suppl. Mot. in Limine at 3-5, 7-8.) Because the United States intends to introduce this evidence through Stevenson, the United States also argues it will bolster her credibility. (Id. at 6-7.) Corbin does not oppose introduction of this evidence under Rule 404(b), but argues Rule 403 bars its admission. The Court will admit this evidence against Corbin for the identified purposes.

Knowledge and intent are well-established non-propensity purposes. Givan, 320 F.3d at 461. But to use the intent prong, intent must be an element of the crime and the evidence offered must cast light on the defendant's intent to commit the crime. Cross, 308 F.3d at 321-22; see also United States v. Applewhaite, 195 F.3d 679, 684 (3d Cir. 1999) (requiring specific intent to commit unlawful act to support conspiracy conviction). Plan and identity are also enumerated non-propensity purposes. Fed. R. Evid. 404(b). The admission of multiple prior robberies is relevant to "show a common plan to rob similar commercial establishments within a few miles of each other at gunpoint and to establish [the defendant's] identity as one of the robbers." See United States v. Torres, 251 F. App'x 763, 764 (3d Cir. 2007); United States v. Johnson, 199

F.3d 123, 128 (3d Cir. 1999) (affirming admission of prior robbery to show common plan). In this case, the United States seeks to introduce this evidence to show that Corbin robbed the <u>same</u> pharmacy once before.

This evidence shows that Corbin had knowledge of the pharmacy, that he had a common plan to rob pharmacies, and that he was one of the robbers on a later date. Further, it tends to show his intent to enter into a conspiracy to rob the LaCon Pharmacy in March 2009 because he had previously robbed the same pharmacy. Finally, that Stevenson was privy to this information bolsters her credibility. <u>See</u> <u>Green</u>, 617 F.3d at 251 ("[E]vidence of a witness's credibility is always relevant, because credibility is always at issue . . . ."). The potential prejudice, confusion of the issues, or misleading of the jury does not outweigh the highly probative value of this evidence. Indeed, the United States need only introduce sufficient evidence for the jury to reasonably conclude that the October 2007 robbery occurred and that Corbin was the actor. <u>See</u> <u>Vega</u>, 285 F.3d at 262 (citing <u>Huddleston</u>, 485 U.S. at 689). Thus, there is minimal concern for the dangers in Rule 403. "In weighing the probative value of evidence against the dangers . . . in Rule 403, the general rule is that the balance should be struck in favor of admission." <u>Johnson</u>, 199 F.3d at 128. The Court will provide an appropriate limiting instruction to the jury at the time of trial.

### E. Corbin's 1993 Bank Robberies

The United States has not briefed its reasons for introducing this evidence. Instead, the United States added these items to a revised proposed order approving the admission of the evidence. Even after Corbin pointed this out in his Response, the United States argued for admission of these robberies in a footnote pointing the Court to its earlier filings, which offer no

discussion of these particular robberies and convictions.

The Court concludes that under Rule 403 balancing, the probative value of this evidence, if any, is substantially outweighed by the danger of confusing the issues and misleading the jury. Not only does the Court consider this evidence perilously close to being pure propensity evidence, showing only that Corbin is a dangerous person, it has minimal probative value of the charged pharmacy robberies almost sixteen years later. Although the Court concluded the prior drug dealer robberies were not too remote in time, the 1993 armed bank robberies and subsequent convictions in 1994 and 1995 are too remote. Because the charged offenses all occurred in 2009, the time-gap between the bank robberies and the charged offenses is approximately sixteen years, but there exists approximately six years between the drug dealer robberies and the charged offenses. Thus, the Court easily concludes that the probative value of this evidence is substantially outweighed by the danger of confusing and misleading the jury as to the issues in this case and that the evidence unfairly prejudices Corbin.

**F.      Corley's June 16, 2003 Robbery of a Federal Credit Union**

The United States seeks to offer this evidence to complete the story, to show the relationship between Corley and Eugene Butler ("Butler"), and to show Corley and Butler had the opportunity to commit prior gunpoint robberies. (Mot. in Limine at 15 n.9) Butler is an indicted, cooperating witness in this case. He has pled guilty to robbing one pharmacy and a pharmaceutical delivery driver. He also allegedly participated in the June 16, 2003 federal credit union robbery with Corley. Corley opposes the introduction of this evidence because it is unfairly prejudicial and is not necessary to the United States's case. (Corley Resp. at 5-6.)

This evidence is admissible for the same reasons the prior drug dealer robberies are

admissible against Corbin and Corley. Butler's testimony will establish his and Corley's opportunity to engage in a subsequent conspiracy to commit robbery and will provide helpful background information to the jury. Further, this evidence is highly probative of the relationship among the indicted co-conspirators. For similar reasons, the Court concludes this evidence is relevant and necessary to the United States's case. See United States v. Crawford, 376 F. App'x 185, 189 (3d Cir. 2010) ("The need for evidence depends mainly on its relative importance and centrality to the issues of the case and the availability of other evidence to establish the facts sought to be proven.").

The probative value of this evidence is not substantially outweighed by any of the dangers in Rule 403. The fact the Supreme Court overturned his conviction for this robbery does not preclude admission of other facts regarding this incident. See Vega, 285 F.3d at 262 (stating Rule 404(b) "does not require that a defendant's participation in the prior bad act be proven by conviction"). The Government may not introduce the prior bad act as a conviction.

For the foregoing reasons, the Court will grant the United States's Motion with regard to this evidence, limited to evidence other than Corley's conviction and confession.[2] The Court will provide an appropriate limiting instruction to the jury at the time of trial.

---

[2] In a May 5, 2011 letter to the Court and at the hearing on May 24, the United States asserted its intent to introduce Corley's confession to the June 16, 2003 federal credit union robbery. The Supreme Court questioned the legality of that confession, remanding to the Third Circuit for further consideration. Corley v. United States, 129 S. Ct. 1558, 1571 (2009). The United States eventually dismissed the indictment in that case. United States v. Corley, No. 03-775 (E.D. Pa. May 15, 2009) (order granting motion to dismiss). After the Court questioned the admissibility of the confession at the May 24 hearing, the United States represented that it would not seek to introduce Corley's confession during its case-in-chief. This representation obviates the need for Corley to move to suppress the confession.

### G. Corley's Imprisonment From September 17, 2003 Until May 15, 2009

The United States contends this evidence is relevant to show Corley's motive for robbing pharmacies – he needed money upon his release – and helps explain a chronological void in the case. (Mot. in Limine at 15-17.) Corley responds that there is no connection between his time in jail and the need to make money, there is no chronological void to fill, and the evidence is otherwise unfairly prejudicial. (Corley Resp. at 7-9.) Although the Court agrees the evidence of Corley's imprisonment is inadmissible, the Court will consider at trial the most appropriate manner to introduce evidence that Corley was unavailable to conspire with Corley from the time of his arrest on September 17, 2003 until his release on May 15, 2009.

The United States has not identified any Third Circuit precedent, and the Court is aware of none, approving the "chronological void" theory under Rule 404(b). Moreover, the Court is not persuaded by the United States's motive theory – if the Court recognizes such an argument, the Court envisions every recently released criminal defendant fending off a motion in limine seeking to introduce evidence of their imprisonment because they need to make money. There is no logical connection between time spent in prison and the need to make money to justify introduction of evidence the defendant was incarcerated before he committed the crime at issue. Although the need to make money is a motive for committing robbery, the fact of imprisonment is not a motive for committing robbery. See Green, 617 F.3d at 250 (defining motive as "something that leads one to act") (alterations omitted). Rather, this is improper evidence of propensity. Moreover, the Court finds that the fact of imprisonment is unfairly prejudicial.

For these reasons, the Court will not permit the United States to offer, during its case-in-chief, evidence of Corley's imprisonment. The Court will determine at trial the most appropriate

manner of introducing Corley's absence between September 17, 2003 and May 15, 2009.

**H.    Threats to Government Witnesses**

The United States seeks to introduce evidence that Corley and Corbin each threatened government witnesses in this case to show consciousness of guilt. (Mot. in Limine at 20-22.) Corley argues this evidence is unfairly prejudicial (Corley Resp. at 6), and Corbin does not respond.

In the Third Circuit, threat evidence is relevant to show consciousness of guilt, a permitted purpose under Rule 404(b). United States v. Smith, 67 F. App'x 686, 690 (3d Cir. 2003); United States v. Guerrero, 803 F.2d 783, 785-86 (3d Cir. 1986). Therefore, the Court has no trouble concluding that the threat evidence satisfies the first two elements of Green. Next, the Court considers whether the probative value of the evidence is substantially outweighed by unfair prejudice. See Guerrero, 803 F.2d at 786.

This requires a balancing of the need for the evidence – its importance and the availability of other evidence – and the potential prejudice arising from its admission. Id. "Elements that enter into this determination include: the tendency of the particular conduct alleged to suggest decision on an improper basis . . .; the nature or style of the specific witness's narrative; the likelihood that the testimony is true; . . . the sufficiency of the other evidence presented to make a reasonable connection between the defendant and the offense charged"; and the extent to which a limiting instruction to the jury can cure any prejudice. Id. (quotations and citation omitted).

Because several of these elements require the Court to consider the substance of the proposed testimony before determining whether it is unfairly prejudicial, the Court will withhold ruling on this evidence until the time of trial. See Smith, 67 F. App'x at 691 (performing

analysis under Guerrero factors because district court did not). It is likely the Court will admit the evidence, but will make its final ruling at trial after considering the United States's offers of proof outside the presence of the jury. In the event the Court permits this evidence at trial, the Court will provide an appropriate limiting instruction to the jury.

**V.    Conclusion**

For the foregoing reasons, the Court **grants in part** and **denies in part** the United States's Motion in Limine, Supplemental Motion in Limine, and Memorandum Regarding Evidence of Uncharged Overt Acts. The United States may not introduce evidence that Corley was imprisoned after September 17, 2003 and until May 15, 2009, unless Corley puts it in issue. But the Court will determine at trial the most appropriate manner to introduce Corley's absence during this time period. The United States also may not introduce evidence that Corbin participated in armed robberies in 1993 or any convictions relating to those robberies, unless Corbin puts them in issue. Further, the Court will issue its final ruling regarding the alleged threats to witnesses at trial. The United States's Motions are granted in all other respects.

An appropriate Order was previously entered.

O:\Criminal Cases\10-352 Corbin, US v\Corbin - Memo re Pre-Trial Motions.wpd