IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | CRIMINAL NO. 10-352 |
| | : | |
| RICHARD CORBIN | : | |

| RICHARD CORBIN | : | |
| --- | --- | --- |
| | : | |
| v. | : | CIVIL ACTION |
| | : | 16-4110 |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM RE: DEFENDANT'S PETITION FOR
COLLATERAL RELIEF UNDER 28 U.S.C. § 2255**

**Baylson, J.**                                                                                                                  **October 13, 2017**

      Defendant/Petitioner, Richard Corbin, was convicted of several counts of armed robbery of businesses, and also firearms violations. He had an extensive criminal record and the Court imposed a sentence of 1,284 months plus supervised release, a fine and restitution. Corbin's direct appeal to the Third Circuit resulted in affirmance of the judgment of conviction. Defendant has filed a timely pro se petition under 28 U.S.C. § 2255 which raises numerous grounds, all of which have been answered in some detail by the Government (ECF 389). Corbin filed a reply brief which the Court has considered.

      1.     Corbin's first claim that a Hobbs Act Robbery is not a crime of violence is rejected under the Third Circuit's holding in United States v. Robinson, 844 F. 3d 137 (3d Cir. 2016). The Court rejects Corbin's claims that Johnson v. United States, 135 S. Ct. 2551 (2015) requires any different result.

      2.     Defendant also claims that while he was representing himself, by choice at the

1

pretrial stages, his standby counsel, the very experienced Christopher Warren, Esquire, interfered with his right to proceed pro se by failing to forward discovery materials in a timely manner. This claim has no merit. The Government's response accurately cites the clear colloquy and statements on the record of what happened at the extensive pretrial proceedings, which are not accurately portrayed by Defendant. Further, the Defendant did not raise this objection during any of the pretrial proceedings. As the Government notes in footnote 4, Corbin did raise this argument on direct appeal but it was not an appropriate matter to be raised on direct appeal.

3. Corbin's claim of ineffective counsel must be rejected. This Court will, as the Supreme Court has allowed, immediately address whether under Strickland v. Washington, 466 U.S. 668 (1984), Defendant cannot show that the allegedly deficient performance of counsel was prejudicial to his defense. The evidence the Government introduced against Corbin (and his co-defendant, Corley) was overwhelming and portrayed a vicious, violent duo who terrorized, robbed, and assaulted numerous pharmacy owners over a lengthy period of time. The Government introduced eye witness testimony, videotapes taken during the robberies, cooperating co-conspirator testimony at trial, and other incriminating evidence that established Corbin's guilt beyond any reasonable doubt. For this reason alone, the Court will reject the claim of ineffective counsel, because no lawyer, no matter how vigorous or careful, could have done anything to avoid guilty verdicts returned by the jury based on the overwhelming evidence that was presented by the Government.

4. The Court nonetheless has reviewed the Government's response to each of Defendant's claims of ineffective counsel and finds that Corbin has misrepresented the record, that the Government's account of the events at trial (and pretrial) is thoroughly accurate. Corbin

eventually agreed to have his pretrial standby counsel, Mr. Warren, serve as his trial counsel and Mr. Warren was appointed for this purpose.  Mr. Warren has many years of extensive experience representing defendants who are accused of crime, and did the very best a criminal defense lawyer could have done with the overwhelming Government evidence, cross-examining witnesses, and making all possible arguments on Corbin's behalf.  Thus, if the Court were to reach the merits of the ineffective counsel claims, they would all be rejected.  The Court will briefly review some of these specific allegations of ineffective counsel that are made by Corbin, all of which are without merit.  There is no ineffective counsel by Mr. Warren not objecting to the Court's charge to the jury on Rule of Evidence 404(b).  In addition, this could have been raised and appeal and, if not, has not been exhausted.  If the charge was not erroneous, then Mr. Warren cannot be faulted for not objected.  The same is true as to the charge to the jury on the 18 U.S.C. § 924(c) counts of the Indictment, and the arguments about the charge to the jury on the cell phone site evidence introduced by the Government.  The other accusations of ineffective counsel, such as failing to seek a severance, or ineffective cross-examination of witnesses, are totally refuted by the discussion in the Government's brief and by the record.

     5.     Lastly, Corbin's claims of prosecutorial misconduct are without merit.  The Government's brief refutes all of Corbin's allegations which are not supported by the record.  There were at least two cooperating co-conspirators who testified at the trial in favor of the Government and there is no prosecutorial misconduct shown by Corbin.  The accusation that there was error in relation to the proposed testimony of Mr. Wells, another co-defendant, who had initially agreed to cooperate, but the refused to testify consistent with his grand jury testimony.  There was no ineffective assistance in Mr. Warren's representation of the Defendant on this issue,

no reason why Mr. Warrant should have called Mr. Wells as witness, and no misconduct by the Government when confronted with this unexpected development during the trial. The other accusations of prosecutorial misconduct are rejected. The Court also rejects Corbin's request for an evidentiary hearing.

6. Defendant's reply brief (ECF 392) is a mish-mash of inapplicable legal citations and an incomplete selection of insolated citations from the trial record that, in total, does not contradict the Government's very complete and accurate review of the record, and does not present any legal basis for granting any relief, or an evidentiary hearing, to Defendant.

7. Further, there was no error in imposition of restitution and this issue is not appropriate for review on a petition under Section 2255. Corbin had a fair trial, the verdict of the jury was completely supported by the evidence, and none of Corbin's constitutional rights were violated, and no reasonable jurist could find otherwise.

8. The Court finds that there is no basis to grant a certificate of appealability.

**BY THE COURT:**

*/s/ Michael M. Baylson*

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\Criminal Cases\10-352 Corbin, US v\10cr352 Memorandum 10132017.docx